UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREGORY LEE, # 791018,           )
                                 )
            Plaintiff,           )   Case No. 1:17-cv-797
                                 )
v.                               )   Honorable Robert J. Jonker
                                 )
ROBERT TINERELLA, et al.,        )
                                 )
            Defendants.          )
_____)

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Bellamy Creek Correctional Facility. The defendants are Assistant Resident Supervisor Jared Buchin and Corrections Officers Robert Tinerella, Dustin Rose, Bruce Spitzley, and Marty Piggot.

Plaintiff alleges that, on March 12, 2016, Officer Tinerella used excessive force and that Officers Rose and Spitzley failed to intervene. He alleges that, on April 19, 2016, Officer Piggot used excessive force and that Officer Rose failed to intervene. Plaintiff claims that the above-referenced actions violated his First and Eighth Amendment rights.[1] Plaintiff alleges that, on April 19, 2017, Assistant Resident Supervisor (ARUS) Buchin violated his First Amendment rights by transferring him to another prison.

_____

[1] All other claims have been dismissed. (ECF No. 4, 5).

The matter is before the Court on defendants' motion for partial summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 14). Defendants seek dismissal of all plaintiff's First Amendment claims.[2] (ECF No. 15 at PageID.171-72). Plaintiff opposes only the portion of defendants' motion seeking dismissal of his claim against ARUS Buchin. (ECF No. 18).

For the reasons set forth herein, I recommend that defendants' motion for partial summary judgment be granted in part and denied in part. I recommend that the unopposed portion of defendants' motion be granted and that the motion be denied on plaintiff's claim against ARUS Buchin.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The

---

[2] Defendants assume that the only remaining Eighth Amendment claims are plaintiff's excessive force claims against Officers Tinerella and Piggot. (ECF No. 15, PageID.162). The Court's opinion and order on initial screening (ECF No. 4, 5) did not dismiss plaintiff's claims that defendants Rose and Spitzley failed to intervene in violation of his Eighth Amendment rights.

Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional*

*Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to

exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the

administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the

---

[3]A copy of the policy directive is found in the record. *See* ECF No. 15-5, PageID.259-65.

exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Preliminary Matters**

Plaintiff's complaint is not properly verified, as he has interjected the limitations that the allegations are made "to the best of [his] knowledge, belief, and understanding." (ECF No. 1 at PageID.23). Plaintiff's brief incorporates the same limitations. (ECF No. 18, PageID.301, 305).

"[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (citation and quotation omitted). Accordingly, plaintiff's complaint and brief will not be considered as affidavits in opposition to defendants' motion. *See, e.g., Brown v. City of Grand Rapids*, No. 1:13-cv-964, 2016 WL 4920144, at *3 n.3 (W.D. Mich. June 13, 2016); *Naumovski v. Federal Nat'l Mort. Ass'n*, No. 15-11466, 2016 WL 949220, at *2 (E.D. Mich. Mar. 14, 2016).

"Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred*

*Med. Sys.*, LLC, 357 F. App'x 656, 662 (6th Cir. 2009); *Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D. Mich. Mar. 30, 2017). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff was an inmate held in the custody of the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC). The defendants were MDOC employees at IBC during this period.

Plaintiff filed a number of grievances and pursued some of them through a Step III decision before he filed this lawsuit. (ECF No. 15-3, PageID.183-255) Two grievances are related to plaintiff's claims and, accordingly, warrant further discussion.

On March 21, 2016, IBC's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. IBC-16-03-0718-17Z. (ECF No. 15-3, PageID.206). Plaintiff complained that, on March 12, 2016, Officers Rose, Spitzley and Tinerella entered his administrative segregation cell and that Officer Tinerella "mushed [his] face," causing plaintiff to hit his head and suffer injury. (*Id.*). Plaintiff's grievance was denied at Step I (*Id.* at PageID.207) and he pursued unsuccessful Step II and Step III appeals (*Id.* at PageID.203-05).

On April 20, 2016, IBC's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. IBC-16-04-0944-17Z. (ECF No. 15-3, PageID.224). Plaintiff complained that, on April 19, 2016, Officer Piggot pulled on

handcuffs and injured plaintiff. Officer Rose is also named in this grievance. (*Id.*). Plaintiff's grievance was denied at Step I (*Id.* at PageID.225) and he pursued unsuccessful Step II and Step III appeals (*Id.* at PageID.221-23).

On August 30, 2017, plaintiff filed this lawsuit.

## Discussion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Defendants seek summary judgment on all plaintiff's First Amendment retaliation claims for lack of exhaustion. (ECF No. 15 at PageID.172-73). Plaintiff concedes lack of exhaustion on his retaliation claims against defendants Tinerella, Rose, Spitzley, and Piggot, and he does not oppose defendants' motion for summary judgment on those claims. (ECF No. 18 at PageID.303-04).

Plaintiff argues that defendants' motion should be denied on his claim that ARUS Buchin subjected him to a retaliatory transfer because the grievance process was "unavailable." (*Id.* at PageID.302-03; ECF No. 18-1, PageID.311-13). Defendants elected not to file a reply brief. ARUS Buchin has not addressed plaintiff's argument that the grievance process was unavailable on this claim. I find that by ignoring plaintiff's argument ARUS Buchin has not carried his burden on the affirmative defense. *See Gonzalez v. Henley*, No. 2:16-cv-266, 2018 WL 2250008, at *2 (W.D. Mich. Apr. 27, 2018). Accordingly, I recommend that defendants' motion be denied on this claim.

## Recommended Disposition

For the reasons set forth herein, I recommend that defendants' motion for partial summary judgment (ECF No. 14) be granted in part and denied in part. I recommend that the unopposed portion of defendants' motion be granted and that plaintiff's First Amendment claim against defendants Tinerella, Rose, Spitzley, and Piggot be dismissed without prejudice. I recommend that defendants' motion be denied with respect to plaintiff's claim against ARUS Buchin. If this report and recommendation is adopted in its entirety, plaintiff's remaining claims will be his First Amendment claim that ARUS Buchin subjected him to a retaliatory transfer and his Eighth Amendment claims that Officers Tinerella and Piggot used excessive force and that Officers Rose and Spitzley failed to intervene.

Dated: July 17, 2018  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).