UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LEE,

       Plaintiff,

                                        CASE No. 1:17-cv-797

v.

                                        HON. ROBERT J. JONKER

ROBERT TINERELLA, et al.,

       Defendants.

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 25) and Defendant's Objections to the Report and Recommendation. (ECF No. 26). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Defendants' Objections. After its review, the Court agrees with the Magistrate that the unopposed portion of Defendants' motion should be granted. The Court respectfully disagrees, however, that the motion should be denied with respect to Plaintiff's retaliation claim against ARUS Buchin. For the reasons that follow, the Court concludes that Defendants have met their affirmative defense of lack of exhaustion with respect to this claim as well.

Plaintiff has Eighth Amendment claims related to alleged excessive force and failure to intervene against Defendants Tinerella, Piggot, Rose, and Spitzley. These claims are proceeding and are not at issue in Defendants' motion for partial Summary Judgment. What is at issue is Plaintiff's retaliatory transfer claim against Defendant Buchin.[1] Defendant says Plaintiff failed to exhaust this claim, and the Court agrees.

When analyzing whether a plaintiff's claim has been exhausted, the Sixth Circuit Court of Appeals has held:

> Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence. . . . A prisoner's lack of compliance may be excused if the administrative remedies are not available, but this court has required a prisoner to make "'affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'" *Napier v. Laurel Cnty.,* 636 F.3d 218, 223 (6th Cir. 2011) (citation omitted); *see also Brock v. Kenton Cnty.,* 93 Fed.Appx. 793, 798 (6th Cir. 2004) (citing cases). When a prisoner makes affirmative efforts to comply but does not succeed, we analyze "whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher v. Lappin,* 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier,* 636 F.3d at 224).

---

[1] Plaintiff has not objected to the Magistrate Judge's recommended dismissal of his First Amendment Claims against the other defendants, and so the Court adopts that portion of the Report and Recommendation.

*Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). Because Defendants bear the burden of proof on exhaustion they must, of course, come forward with sufficient evidence to establish that no reasonable fact-finder could determine that Plaintiff, in fact, satisfied the exhaustion requirement. Once defendant does so, however, normal summary judgment principles apply, and the party opposing summary judgment cannot simply rely on unverified assertions; rather, the party opposing—Plaintiff in this case—must come forward with an evidentiary basis to defeat the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Plaintiff has failed to create a triable issue of fact.[2] In his Response brief, Plaintiff admits he did not exhaust a grievance of retaliation against Defendant Buchin. He then argues that his failure should be excused because a Step II grievance form was never provided to him. (ECF No. 18, PageID.302). Plaintiff provides no affidavit, no verified declaration, and no other probative evidence to support this statement, and for that reason this claim must be dismissed. While it is true that exhaustion is not necessary for unavailable remedies, the Sixth Circuit requires evidence of affirmative efforts to follow the procedures before unavailability will be found. *See Napier*, 636 F.3d 218, 224 (6th Cir. 2011). Plaintiff's bare assertion that a grievance was unavailable to him is insufficient to make this showing on summary judgment. *See Lynn v. Davis*, No. 2:15-0003, 2016 WL 3553029, at *8 (M.D. Tenn. June 29, 2016)*, affirmed in relevant part* by *Lynn v. Melton*, No. 16-6109 (6th Cir. Mar. 30, 2017) (conducting a similar analysis). Moreover, the sheer number of grievances that Plaintiff did file successfully shows that there was an active and available grievance process for him. Accordingly, the court concludes that Defendants are entitled

---

[2] The Report and Recommendation includes a section entitled "Proposed Findings of Fact." The Court rejects that characterization because the Court is not finding any facts on summary judgment. Rather, the Court is simply determining whether any material issues of fact are in genuine dispute based on the summary judgment record.

3

to summary judgment with respect to Plaintiff's retaliation claim against Defendant Buchin as well.

This case will proceed on Plaintiff's Eighth Amendment claims that Officers Tinerella and Piggot used excessive force, and that Officers Rose and Spitzley failed to intervene.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 25) is **ADOPTED IN PART** and **REJECTED IN PART.**

**IT IS FURTHER ORDERED** that:

1. Defendants' Motion for Partial Summary Judgment (ECF No. 14) is **GRANTED.**
2. Plaintiff's Motion for Order (ECF No. 23) which requests the Court deny the Defendants' motion is **DISMISSED AS MOOT.**

Dated:   August 9, 2018         /s/ Robert J. Jonker
                                                               ROBERT J. JONKER
                                                               CHIEF UNITED STATES DISTRICT JUDGE