UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

GREGORY LEE, # 791018,

        Plaintiff,

v.

ROBERT TINERELLA, et al.,

        Defendants.

Case No. 1:17-cv-797

Honorable Robert J. Jonker

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO SEAL A SUMMARY JUDGMENT EXHIBIT**

    This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Bellamy Creek Correctional Facility. The defendants are Corrections Officers Robert Tinerella, Dustin Rose, Bruce Spitzley, and Marty Piggott. Plaintiff claims that defendants violated his Eighth Amendment rights. He alleges that, on March 12, 2016, Officer Tinerella used excessive force and that Officers Rose and Spitzley failed to intervene. He alleges that, on April 19, 2016, Officer Piggott used excessive force and that Officer Rose failed to intervene.[1]

    This matter is before the Court on defendants' motion to seal an exhibit that they filed in support of their motion for summary judgment. (ECF No. 54). For the reasons set forth herein, defendants' motion to seal will be denied.

---

[1] All other claims have been dismissed. (ECF No. 4, 5, 29).

The controlling Sixth Circuit authority on the issue of sealing summary judgment exhibits is *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). In *Shane Group, Inc.*, the Sixth Circuit emphasized that there is a "stark difference" between the "compelling reasons" standard applicable to requests to seal court records at an "adjudication stage" and the much lower "good cause" standard for a protective order during discovery under Federal Rules of Civil Procedure 26. 825 F.3d at 305; *see also Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836 (6th Cir. 2017) ("Although a district court may enter a protective order during discovery upon a showing of 'good cause,' FED. R. CIV. P. 26(c)(1), there is a stark difference between so-called protective orders and orders to seal court records.") (citation and quotation omitted); *Beauchamp v. Federal Home Loan Mortg. Corp.*, 658 F. App'x 202, 207-08 (6th Cir. 2016) (holding that it was error for the district court to allow parties to seal summary judgment exhibits without first requiring them to demonstrate compelling reasons to seal the exhibits and that the non-disclosure was narrowly tailored to serve those reasons). "Very different considerations apply" at the adjudication stage and the line "is crossed when the parties place material in the court record." *Shane Grp., Inc.*, 825 F.3d at 305.

Judicial records are presumptively open to public inspection. This presumption "fosters confidence in the judicial system by assuring that courts are operating fairly and in a transparent fashion and that disputes presented to the courts are open to public scrutiny." *Martis v. Dish Network*, No. 1:13-cv-1106, 2013 WL 6002208, at *1 (W.D. Mich. Nov. 12, 2013) (citing *Nixon v. Warner Commc'ns,*

*Inc.*, 435 U.S. 589, 597 (1978) and *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-79 (6th Cir. 1983)). This presumption has roots both in the First Amendment and the common law, and it applies to pleadings, motions, and other documents that bear on the merits of a controversy. *Martis*, 2013 WL 6002208, at *1. "The Sixth Circuit has pointed out that the presumption of access to court proceedings finds its genesis in the founding principles of this country and a revulsion against secret judicial proceedings, such as those held in the Star Chamber and other prerogative courts." *Id.* at *2 (citing *Brown & Williamson*, 710 F.2d at 1177 n. 6).

Defendants bear the heavy burden of overcoming the strong presumption in favor of public access to their summary judgment exhibits: " 'Only the most compelling reasons can justify non-disclosure of judicial records.' " *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l., Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (6th Cir. 2002)).

Brief and perfunctory reasons are "patently inadequate." *Shane Grp., Inc.*, 825 F.3d at 306. "[A] district court that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure to the public." *Id.* (citation and quotation omitted); *see Signature Mgmt. Team, LLC*, 876 F.3d at 836. "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Shane Grp., Inc.*, 825 F.3d at 306. A district court's

failure to set forth the specific reasons "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary" constitute "grounds to vacate an order to seal." *Id.*

The Local Civil Rules require that all motions, except those made orally during a hearing or at trial, be accompanied by a supporting brief. *See* W.D. MICH. LCIVR 7.1(a). Defendants did not file a brief in support of their motion.

Defendants ask that the exhibit "be filed under seal because it contains copies of [p]laintiff's medical records." (ECF No. 54, PageID.470). Defendants' perfunctory statement is patently inadequate to carry their heavy burden of overcoming the strong presumption in favor of public access to summary judgment exhibits. *See Shane Grp., Inc.*, 825 F.3d at 306.

"Given the public's constitutionally-based right to know the evidence on which this Court bases a decision on a motion for summary judgment, motions to seal summary judgment exhibits, including medical records, are regularly denied by this Court." *Kitchen v. Corizon Health Inc.*, No. 1:16-cv-1068, 2017 WL 5099892, at *3 (W.D. Mich. Nov. 5, 2017) (collecting cases). Defendants have not established a legal or factual basis for sealing any exhibit. Accordingly,

**IT IS ORDERED** that defendants' motion to seal (ECF No. 54) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' proposed order to seal (ECF No. 55) is stricken.

**IT IS FURTHER ORDERED** that the proposed sealed exhibit (ECF No. 57) is unsealed.

**IT IS SO ORDERED.**

Dated:   January 29, 2019         /s/  Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge