UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREGORY LEE, # 791018,  )
　　　　　　　　　　　　)
　　　　　Plaintiff,　　 )
　　　　　　　　　　　　)　Case No. 1:17-cv-797
v.　　　　　　　　　　　)
　　　　　　　　　　　　)　Honorable Robert J. Jonker
ROBERT TINERELLA, et al., )
　　　　　　　　　　　　)
　　　　　Defendants.　　)
_____)

# REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Bellamy Creek Correctional Facility. The defendants are Corrections Officers Robert Tinerella, Dustin Rose, Bruce Spitzley, and Marty Piggott. Plaintiff claims that defendants violated his Eighth Amendment rights. He alleges that, on March 12, 2016, Officer Tinerella used excessive force and that Officers Rose and Spitzley failed to intervene. He also alleges that, on April 19, 2016, Officer Piggott used excessive force and that Officer Rose failed to intervene.[1]

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 56). Plaintiff opposes the motion. (ECF No. 67-68). For the reasons set forth herein, I recommend that the Court grant defendants' motion for summary judgment and enter a judgment in defendants' favor on all plaintiff's claims.

---

[1] All other claims have been dismissed. (ECF No. 4, 5, 29).

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party

may not rest on the mere allegations of his pleadings. *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting only [a] 'metaphysical doubt' is insufficient to survive summary judgment." (quoting *Matsushita*, 475 U.S. at 586). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

## **Qualified Immunity**

Defendants argue that they are entitled to summary judgment on the basis of qualified immunity. "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.'" *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*,

533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.'" *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016) (quoting *Anderson*, 477 U.S. at 252).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . . Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The

dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted). "This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (citation and quotation omitted). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see City of Escondido, Calif. v. Emmons*, 139 S. Ct. 500, 503 (2019). Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff*, 134 S. Ct. at 2023 (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017).

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Stevens-Rucker v. City of Columbus, Ohio*, 739 F. App'x 834, 839 (6th Cir. 2018) ("Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity."). The burden applies to each claim. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

## **Preliminary Matters**

Plaintiff's complaint is not properly verified, as he has interjected the limitations that the allegations are made "to the best of [his] knowledge, belief, and understanding." (*See* ECF No. 1, PageID.23). "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (citation and quotation omitted). Accordingly, plaintiff's complaint will not be considered as his affidavit in opposition to defendant's motion. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

Plaintiff's declaration and those of prisoners Mims, Fulkerson, and Workman (ECF No. 1-1, PageID.30, 36, 51) are not considered herein because they contain limitations, rather than the unambiguous statement "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Statements made on information and belief do not come close to satisfying the stringent statutory requirements. *See Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 767 n.1 (6th Cir. 2018) ("This declaration is not competent summary-judgment evidence because it fails to comply

with either Federal Rule of Civil Procedure 56(c)(4) or 28 U.S.C. § 1746: It is neither signed, dated, nor made under penalty of perjury."); *Tenneco Auto. Operating Co. v. Kingdom Auto Parts*, 410 F. App'x 841, 848 (6th Cir. 2010) (Section 1746 "allows for unsworn declarations to take the place of affidavits, so long as those declarations are made 'under penalty of perjury' and follow one of the statute's stated formulas."). The declaration of prisoner Tooley (ECF No. 1-1, PageID.38) is not considered because it is missing the signature date section 1746 requires.[2] *See Bonds v. Cox*, 20 F.3d 697 (6th Cir. 1994) (refusing to consider declarations which, although subscribed under penalty of perjury, were not dated as required by statute).

Plaintiff's brief is not considered as an affidavit. Although a verification appears at the beginning of the brief (*see* ECF No. 68, PageID.592), the brief does not contain a statement of facts. "Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x. 656, 662 (6th Cir. 2009). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

---

[2] The Sixth Circuit has recognized an exception allowing consideration of an unsworn declaration under section 1746 without a signature date if extrinsic evidence establishes the date it was signed. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475-76 (6th Cir. 2002). There is no extrinsic evidence before the Court establishing the date prisoner Tooley signed his declaration.

Defendants' Exhibit B is a Critical Incident Report. (ECF No. 56-3, PageID.497-99). "Hearsay evidence generally cannot be considered on a motion for summary judgment." *Bluegrass Dutch Tr. Morehead, LLC v. Rowan Cty. Fiscal Ct.*, 734 F/ App'x 322, (6th Cir. 2018). The Critical Incident Report is inadmissible hearsay. *See Taylor v. Wawrzyniak*, No. 1:15-cv-104, 2016 WL 7664350, at *3 (W.D. Mich. Dec. 13, 2016) (A "Critical Incident Report is inadmissible hearsay which the Court cannot consider when resolving a motion for summary judgment."); *Hursey v. Sherk*, No. 1:10-cv-1277, 2014 WL 70110, at *3 n.5 (W.D. Mich. Jan. 9, 2014) ("Critical incident reports are hearsay" and "[n]o party has argued that the reports satisfy any exception to the general proscription against admission of hearsay."). Accordingly, defendants' Exhibit B is excluded from consideration.

## Relevant Facts

Plaintiff was an inmate held in the custody of the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) during the period at issue. Corrections Officers Robert Tinerella, Dustin Rose, Bruce Spitzley, and Marty Piggott were MDOC employees at IBC during the same period. (Tinerella Aff. ¶ 2, ECF No. 56-6, PageID.513; Piggott Aff. ¶ 2, ECF No. 56-7, PageID.518; Spitzley Aff. ¶ 2, ECF No. 56-9, PageID.526; Rose Aff. ¶ 2, ECF No. 56-10, PageID.530).

On March 12, 2016, plaintiff covered the window of his segregation unit cell with a towel and disregarded Officer Tinerella's orders to remove the towel. When an inmate covers his cell window it obscures the officer's view into the cell and causes a major disruption in the orderly prison operations and poses safety threats.

(Tinerella Aff. ¶¶ 4-6, PageID.513). Officer Tinerella requested permission from his supervisor to enter plaintiff's cell to check on him. After permission had been granted, Officers Tinerella and Spitzley entered plaintiff's cell. Plaintiff had pulled a sheet up across the front of his bunk so that he could not be seen. Plaintiff did not respond when Officer Tinerella called out his name. Officer Tinerella continued into the cell and pulled the sheet away from plaintiff's bunk. Plaintiff was lying down on his bunk and smiling at the officers. According to defendants, Officers Tinerella and Spitzley backed out of the cell without incident. Officer Tinerella did not use any force against plaintiff and Officer Rose never entered his cell. (Tinerella Aff. ¶¶ 3-19, PageID.513-14; Spitzley Aff. ¶¶ 4-15, PageID.526-27; Rose Aff. ¶¶ 5-11, PageID.530).

Later that day, plaintiff sought medical treatment. He related to the nurse that he "d[id] not know if he had been pushed or slipped and pointed to a blanket on the floor[.]" (ECF No. 57, PageID.533). The nurse treated plaintiff for a small, superficial cut near the crown of his head that was not actively bleeding. (*Id.*).

During his deposition, plaintiff testified that he got up off his bed and inquired why Officer Tinerella was inside his cell. According to plaintiff, Officer Tinerella "mushed" or "pushed" his face, and he fell and hit his head. (Plf. Dep., 12-13, PageID.522).

On April 19, 2016, Officer Piggott escorted plaintiff from a mental health appointment back to his administrative segregation cell. Officer Rose was also present during this escort. Plaintiff resisted as the officers were trying to remove his handcuffs and he was charged with the Class I misconduct of committing an assault

and battery against Officer Rose.  As Officer Rose was uncuffing plaintiff's left hand, plaintiff pulled away with his right with enough force to bend the cuff key and cause Officer Rose to jolt forward.  Officer Piggott did not attempt to pull plaintiff's wrist through the food slot in an attempt to break plaintiff's wrists.  He removed plaintiff's handcuffs.  (ECF No. 56-4, PageID.502; Piggott Aff. ¶¶ 5-10, PageID.518; Rose Aff. ¶¶ 12-15, PageID.531).  After the incident, Officer Piggott did not observe any cuts, abrasions or bruises on plaintiff's wrists.  (Piggott Aff. ¶¶ 6-10, PageID.518).  There is no medical evidence that plaintiff sustained any injury.

On May 9, 2016, a hearing officer conducted a hearing on the Class I misconduct charge.  Plaintiff admitted that he yanked on the handcuffs, but he claimed that he did so to prevent Officer Piggott from pulling and breaking his wrist. The hearing officer rejected this excuse.  He noted that the video showed Officer Rose lurch forward towards plaintiff's cell, which was consistent with the misconduct alleged.  The hearing officer found plaintiff guilty of the Class I misconduct and sentenced plaintiff to ten days' detention and thirty days' loss of privileges.[3]  (ECF No. 56-4, PageID.501).

---

[3] Even assuming that plaintiff had presented evidence that he was not resisting, he would face the preclusive effect of the findings in a Class I misconduct hearing.  Such findings have a preclusive effect in subsequent proceedings where (1) the "issues were actually litigated and decided"; (2) the "party to be precluded had sufficient incentives to litigate those issues"; and (3) the party had "a full and fair opportunity to do so—not just in theory, but in practice." *Roberson v. Torres*, 770 F.3d 398, 404-05 (6th Cir. 2014).  Preclusion "likewise turns on the court's sense of justice and equity, which may require a case-by-base analysis of surrounding circumstances." *Id.*

The hearing officer's findings regarding plaintiff's resistance provide the necessary context and justification for the use of force.  These factual findings were "essential to the judgment" in the misconduct proceeding.  *See Peterson v. Johnson*,

**Discussion**

I. **Eighth Amendment**

The Eighth Amendment limits the power of the states to punish those convicted of a crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

Plaintiff's claims must be analyzed under the Supreme Court authority limiting the use of force against prisoners. The analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g., Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

---

714 F.3d 905, 914 (6th Cir. 2013). Plaintiff had sufficient incentives and a full and fair opportunity to litigate the Class I misconduct charge and the Court's sense of justice an equity "favor giving the hearing officer's findings preclusive effect." *Farr v. Unknown Parties*, No. 1:18-cv-575, 2018 WL 3031013, at *3-4 (W.D. Mich. June 19, 2018); *see also Gonzalez v. Henley*, No. 2:16-cv-266, 2019 WL 978891, at *2-3 (W.D. Mich. Feb. 28, 2019) (The plaintiff's "notarized affidavit" failed to create a genuine issue of fact for trial because the hearing officer's contrary factual findings on the Class I misconduct charge had preclusive effect).

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *See Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.

The Court "must judge the reasonableness of the force used from the perspective and with the knowledge of the defendant officer." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2474 (2015). In determining whether the use of force is malicious or sadistic, the Court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321). While the extent of an inmate's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins*, 559 U.S. at 37. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated, "[w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See Leary v. Livingston Cty.*, 528 F.3d 438, 445 (6th Cir. 2008).

I find that no reasonable trier of fact could find in plaintiff's favor on either component of his claims against defendants. On March 12, 2016, plaintiff covered his cell window, used a sheet to conceal himself, and did not respond when Officer Tinerella called his name. This caused the officers to enter his cell to check on his condition and come into very close proximity. According to plaintiff, he got up off his bed and inquired why Officer Tinerella was inside his cell. It must be assumed for present purposes that plaintiff's testimony that Officer Tinerella "pushed" or "mushed" his face causing him to fall is true, but the force was so slight that plaintiff could not tell whether he had been pushed over or slipped and fell on his own. At most, plaintiff has presented evidence of a simple assault and battery which caused him a very minor injury. I find that no reasonable trier of fact could find on the present record that Officer Tinerella used force maliciously and sadistically for the purpose of causing plaintiff serious harm.

Plaintiff has not presented evidence on which a reasonable trier of fact could find in plaintiff's favor on his Eighth Amendment claim against Officer Piggott.

-13-

Although plaintiff resisted and was found guilty of committing an assault and battery against Officer Rose, Officer Piggott was able to remove plaintiff's handcuffs without further incident and there is no medical evidence that plaintiff suffered any injury.

An officer, who did not actively participate in the events alleged, can be held liable for the use of excessive force if he owed the victim a duty of protection against the use of excessive force and failed to satisfy that duty. *See Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013). To establish that Officers Rose and Spitzley owed him a duty of care on March 12, 2016, and that Officer Rose owed him a duty of care on April 19, 2016, plaintiff was required to demonstrate that defendants "observed or had reason to know that excessive force would be or was being used" and "had both the opportunity and the means to prevent the harm from occurring." *Id.* Plaintiff failed to present evidence that either incident lasted long enough for defendants "to both perceive what was going on and intercede to stop it." *Id.*

In addition, because plaintiff failed to present evidence sufficient to create a genuine issue of fact for trial on his Eighth Amendment claims against the defendants who had physical contact with him, he has no viable claim against Officers Rose and Spitzley for failure to intervene. *See Ondo v. City of Cleveland*, 795 F.3d at 611.

Accordingly, defendants' motion for summary judgment should be granted.

## II. Qualified Immunity

Defendants claim entitlement to qualified immunity. Plaintiff fails to satisfy the first prong of the qualified immunity analysis for the reasons stated in section I.

The second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198.  It was plaintiff's burden to convince the Court that the law was clearly established when each defendant acted.  *See Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 992-93 (6th Cir. 2017).

"To determine whether a constitutional right is clearly established, we must look first to decisions of the Supreme Court,[4] then to decisions of [the Sixth Circuit] and other courts within our circuit, and finally to decisions of other circuits." *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 898 (6th Cir. 2019) (citation and quotation omitted).  The plaintiff must generally identify a case with a fact pattern similar enough to have given "fair and clear warning to officers" about what the law requires. *White v. Pauly*, 137 S. Ct. at 552.  "The pre-existing law that makes a right clearly established comes primarily from the Supreme Court and the Sixth Circuit[.]" *Goode v. Berlanga*, 646 F. App'x 427, 430 (6th Cir. 2016) (citation and quotation omitted). In "rare" instances, the right can be clearly established by decisions from other circuits and district courts.  S*ee Beard v. Whitmore Lake School Dist.*, 402 F.3d 598, 608 (6th Cir. 2005).  The decisions must "point unmistakably to the unconstitutionality of the conduct and [be] so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his

---

[4] The Supreme Court recently noted that it has not yet determined whether the decision of any lower court decision can clearly establish the law for qualified immunity purposes.  *See District of Columbia v. Wesby*, 138 S. Ct. at 591 n.8 ("We have not yet decided what precedents—other than our own—qualify as controlling authority for purposes of qualified immunity.").

conduct was unconstitutional." *Goode v. Berlanga*, 646 F. App'x at 430 (citation and quotation omitted). Existing precedent "must have placed the . . . constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. at 551.

Plaintiff argues that Officer Tinerella is not entitled to qualified immunity because *Hudson v. McMillan* established that "if there is no need for force[, the Eighth] Amendment has been violated." (Plf. Brief, 13, PageID.604).

In *Hudson*, prisoner Keith Hudson had been held in handcuffs and shackles while two guards punched and kicked him, and a third guard watched. Prisoner Hudson suffered minor bruising and swelling of his face, mouth, and lip, loosening of his teeth and cracking his partial dental plate. 503 U.S. at 4. The Fifth Circuit applied an Eighth Amendment test which required that the prisoner prove a "significant injury" and that found that prisoner Hudson's Eighth Amendment claim was "untenable" because his injuries were minor. *Id.* at 4, 10. The Supreme Court reversed the Fifth Circuit's decision and held that "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Id.* at 4. The Supreme Court emphasized that this "is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (citations and quotations omitted). "[T]he blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked

dental plate, [were] not *de minimis* for Eighth Amendment purposes." *Id.* at 10. The facts of this case are not analogous to the gratuitous beating suffered by prisoner Hudson and *Hudson v. McMillan* did not clearly establish the right that plaintiff claims. I find that Officer Tinerella is entitled to qualified immunity.

Plaintiff argues that defendants are not entitled to qualified immunity because "the right to be free from excessive force is a clearly [established Eighth] Amendment right." (Plf. Brief, 14, PageID.605) (citing *Landis v. Galarneau*, 687 F. Supp. 2d 672 (E.D. Mich. 2009)). The Eastern District's decision in *Landis* involved an arrestee's Fourth Amendment rights, not the Eighth Amendment. 687 F. Supp. 2d at 678. Further, plaintiff's argument lacks merit because, under the second prong of the qualified immunity analysis, "the clearly established right must be defined with specificity." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. at 503. " 'The Court has repeatedly told [lower] courts . . . not to define clearly established rights at a high level of generality.' " *Id.* (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018)).

Plaintiff did not carry his burden of demonstrating that existing precedent placed the constitutional question beyond debate at the time each defendant acted. Accordingly, I find that defendants are entitled to qualified immunity.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant defendants' motion for summary judgment (ECF No. 56) and enter a judgment in defendants' favor on all plaintiff's claims.

Dated:   July 25, 2019        /s/  Phillip J. Green        
　　　　　　　　　　　　　　　　PHILLIP J. GREEN
　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, Nos. 17-1993/2039, __ F. 3d __, 2019 WL 2710236, at *6 (6th Cir. June 28, 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).