UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LEE,

       Plaintiff,

CASE No. 1:17-cv-797

v.

HON. ROBERT J. JONKER

ROBERT TINERELLA, et al.,

       Defendants.

_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 76) and Plaintiff's Objections to the Report and Recommendation. (ECF No. 77). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation, which recommends granting Defendants' Motion for Summary Judgment (ECF No. 56), is factually sound and legally correct.

Plaintiff raises three objections, as follows:

1. Plaintiff properly object[s] to the Report and Recommendation['s] improper drawing of inferences and weighing of the evidence.

2. Plaintiff objects to the portion of the Magistrate's Report and Recommendation that gives conclusions based on inaccurate information and misstated facts.

3. Plaintiff objects to the portion of the Magistrate's Report and Recommendation that concludes the fact that he failed to properly apply the law in regards to credibility determinations and genuine issues of material fact preclude summary judgment.

(ECF No. 77).

All three Objections can be distilled down to a single, overriding argument. Namely, that the Magistrate Judge weighed the evidence and credited the defendant's version of events and discounted Plaintiff's version, in a manner contrary to well worn law relating to summary judgment motions. It is true that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). But for the reasons that follow, the Court concludes no improper weighing or credibility determinations were made by the Magistrate Judge.

In the main, Plaintiff contends that the Magistrate Judge was mistaken in finding that the Complaint (ECF No. 1) and the brief Plaintiff filed later in the case do not satisfy the requirements of 28 U.S.C. § 1746. The Court disagrees. The Magistrate Judge's recommendation on this point was correct. Under 28 U.S.C. § 1746, a person seeking to make an unsworn declaration must state

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." The Court agrees with the Magistrate Judge that the Complaint (ECF No. 1) and Plaintiff's "sworn" brief in opposition to the pending motion for summary judgment (ECF No. 68) are not properly verified, for exactly reasons the Magistrate Judge details. (Report and Recommendation, ECF No. 76, PageID.634-635). The "statement of facts" contained in Plaintiff's brief consists entirely of argument. As the Magistrate Judge correctly detailed, legal conclusions even if asserted in a sworn pleading are not enough to create a genuine issue of material fact for trial.

Most of the declarations Plaintiff submitted in support of the Complaint also do not meet the statutory requirements. The first declaration from Prisoner Mims (ECF No. 1-1, PageID.30) is diluted, stating "Pursuant to 28 USC § 1746, under the penalty of perjury, I Doyle Mims swear that the following statement is true and correct to **the best of my knowledge, belief, and understanding.**" (emphasis added). The second declaration from Prisoner Fulkerson begins by stating "Such in Such hereby declares" and then concludes by stating "I declare under penalty of perjury the foregoing is true + correct **till the best of my knowledge**." (ECF No. 1-1, PageID.36). It is diluted, then, for the same reason as Prisoner Mims. *See Inman v. Riebe*, No. 2:15-CV-0080-JAW, 2016 WL 3102199, at *1 (D. Me. May 5, 2016), *report and recommendation adopted,* No. 2:15-CV-00080-JAW, 2016 WL 3129115 (D. Me. June 2, 2016) ("because Plaintiff asserts that the information is 'true to the best of my knowledge,' Plaintiff's assertions are qualified and, therefore, the language is not substantially similar to the language authorized by section 1746."). The third declaration from Prisoner Workman contains no reference at all to penalty of perjury (ECF No. 1-1, PageID.37), and thus does not meet the statutory requirements.

3

The qualifying language or failure to reference the penalty of perjury undermines the evidentiary value of the affidavit and removes it from the scope of 28 U.S.C. § 1746. Affidavits must be based on personal knowledge, not information and belief, and may otherwise be disregarded. FED. R. CIV. P. 56(c)(4). The same is true for declarations. *Id.*

The only declaration that references the penalty of perjury and does not contain qualifying language is that of Prisoner Tooley. (ECF No. 1-1, PageID.38). The Magistrate Judge found that it did not meet the statutory requirements, however, because it was not dated. The copy of the declaration that has been submitted to the Court is not easily read. However, near the bottom of the declaration, just before the prisoner's signature it does appear that the phrase "executed at Ionia, Mich. on 5.2.2016" can be read. (ECF No. 1-1, PageID.38). Accordingly, the Court disagrees with the Magistrate Judge that the Declaration of Prisoner Tooley does not meet the requirements of the statute.

The Court concludes however, that this does not affect the Magistrate's recommendation that Defendants are entitled to summary judgment. The Tooley declaration relates solely to the second of two alleged assaults that are at issue in this case. Inmate Tooley states that he saw Defendant Piggot assault Plaintiff by yanking his arm through the food slot while Corrections Officer Rose tried to remove the keys. Inmate Tooley says Plaintiff was in great pain, and he shouted "what are you doing? Are you trying to break my arm?" A few minutes later, Inmate Tooley saw Sergeant Perez standing in front of Plaintiff's cell and taking pictures of Plaintiff's Lee's arm. (ECF No. 1-1, PageID.38). For the most part, the declaration is consistent with the facts as laid out in the Magistrate Judge's discussion and which the Magistrate Judge accepted as true for purposes of evaluating the summary judgment motion. (ECF No. 76, PageID.637-638). To the extent there is any difference, the Magistrate Judge was entirely correct when he noted that

even if Plaintiff had presented evidence that he was not resisting (of which Prisoner Tooley's declaration is entirely silent), Plaintiff would face the preclusive effect of the findings from the misconduct hearings. (ECF No. 76, PageID.638 n.3)

At bottom, the Magistrate Judge did not improperly weigh the evidence. Rather he correctly applied the law with respect for evaluating sworn statements and then, based on the evidence of record (including a consideration of Plaintiff's deposition testimony), determined that no genuine dispute of any material fact remained, and that the defendants were entitled to judgment as a matter of law. Plaintiff had ample opportunity to rebut the evidence Defendants adduced in support of their motion for summary judgment and could have, but did not, submit further declarations complying with the statute.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 76) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 56) is **GRANTED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED.**

Dated: __August 26, 2019__    /s/ Robert J. Jonker
                                                         ROBERT J. JONKER
                                                         CHIEF UNITED STATES DISTRICT JUDGE